IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Crim. No. 1:17-CR-342-06 |
| | : | |
| v. | : | |
| | : | |
| **ROMAN MURRAY** | : | Judge Sylvia H. Rambo |

## M E M O R A N D U M

Before the court is Defendant Roman Murray's motion to vacate his sentence under 28 U.S.C. § 2255. (Docs. 400, 419.) For the reasons set forth below, the motion will be denied.

### I.   BACKGROUND

On November 1, 2017, a grand jury returned a 43-count indictment charging Murray and several co-defendants with drug trafficking and firearms offenses. (*See* Doc. 3.) On November 7, 2017, Murray pled not guilty to the four charges against him. (Doc. 54.) In a subsequent plea agreement signed on November 22, 2019, Murray agreed to plead guilty to conspiring to distribute and possess with intent to distribute 280 grams and more of cocaine base and one kilogram and more of heroin in violation of 21 U.S.C. § 846. (Doc. 253 ¶ 1.) The statutory term of imprisonment for the offense is a minimum of 120 months and a maximum of life. (Doc. 326 ¶ 65.) On March 9, 2020, the court accepted Murray's guilty plea. (Docs. 278, 292.)

1

Murray's pre-sentence report calculated an advisory range of 262 to 327 months of imprisonment under the United States Sentencing Guidelines ("Guidelines"), based on a criminal history category of VI and a total offense level of 34, given Murray's status as a career offender under § 4B1.1(b) of the Guidelines. (Doc. 326 ¶¶ 23, 66.) No objections were filed to the pre-sentence report. (Doc. 327.)

Murray's counsel, Damian DeStefano, filed a sentencing memorandum requesting a variance below the Guidelines range and a sentence of 120 months imprisonment. (Doc. 348.) The memorandum argued that a sentence below the Guidelines range was necessary given Murray's personal characteristics and the need to avoid unwarranted sentence disparities with co-defendants. (*Id.*) At the sentencing hearing on October 30, 2020, the court concluded that the Guidelines range was 188 to 235 months imprisonment, and it sentenced Murray to 180 months in prison with five years of supervised release, varying downward based on a lack of youthful guidance. (*See* Docs. 353–354.) Defense counsel subsequently filed a motion for reconsideration, which argued that a sentence between 120 and 168 months was necessary to avoid unwarranted sentencing disparities with Murray's co-defendants, and requested that Murray's sentence run concurrently with his state sentences. (Doc. 358.) The court denied Murray's motion. (Doc. 361.)

Murray now moves to vacate his sentence under 28 U.S.C. § 2255 based on ineffective assistance of counsel. Having been fully briefed, this matter is ripe for review. (Docs. 419, 429–432, 428, 439.)

## II.   STANDARD OF REVIEW

A federal prisoner may challenge his sentence or conviction by motion to the sentencing court pursuant to 28 U.S.C. § 2255. To prevail, the petitioner must show "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *United States v. Bates*, No. 3:04-CR-0251, 2008 WL 80048, at *2 (M.D. Pa. Jan. 7, 2008) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). The petitioner generally has the burden of proving by a preponderance of the evidence that he is entitled to relief. *See United States v. Hollis*, 569 F.2d 199, 205 (3d Cir. 1977); *United States v. Ayers*, 938 F. Supp. 2d 108, 112 (D.D.C. 2013); *Pazden v. Maurer*, 424 F.3d 303, 313 (3d Cir. 2005).

The court must hold a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Arrington*, 13 F.4th 331, 334 (3d Cir. 2021) (quoting 28 U.S.C. § 2255(b)). To determine whether a hearing is appropriate, the court assesses whether the petitioner's nonfrivolous factual claims plausibly establish an entitlement to relief.

*Id.* at 334–35. The court is not required to accept or further investigate "vague and conclusory allegations." *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000).

Claims not raised on direct appeal are procedurally defaulted and can only be reviewed if the petitioner demonstrates "(1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *United States v. Frady*, 456 U.S. 152, 168 (1982); *see also Bousley v. United States*, 523 U.S. 614, 621 (1998). Claims of ineffective assistance of counsel, by contrast, "may be brought in the first instance by way of a § 2255 motion regardless of whether the movant could have asserted the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003).

To prove ineffective assistance of counsel, a petitioner must establish that (1) the performance of trial counsel fell below an objective standard of reasonableness, and (2) the performance of counsel unfairly prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687–88, 691 (1984). The first element requires the petitioner to demonstrate that "counsel's performance was deficient." *Jermyn v. Horn*, 266 F.3d 257, 282 (3d Cir. 2001). Proving a deficiency in conduct requires showing "that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* (quoting *Strickland*, 466 U.S. at 687). "In assessing counsel's performance, 'every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to

4

evaluate the conduct from counsel's perspective at the time.'" *Id.* (quoting *Strickland*, 466 U.S. at 689). "That is to say, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Berryman v. Morton*, 100 F.3d 1089, 1094 (3d Cir. 1996) (quoting *Strickland*, 466 U.S. at 689).

The second element requires the petitioner to show that counsel's performance caused unfair prejudice, or a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. It is not enough to show that "the error had some conceivable effect on the outcome of the proceeding, for virtually every act or omission would meet that test." *Id.* at 693. Rather, counsel's conduct must have "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686. Put differently, the error must be "so serious as to deprive the defendant of a trial . . . whose result is reliable." *Id.* at 687.

### III. DISCUSSION

Murray's first claim contends that defense counsel provided ineffective assistance by advising Murray that he would be sentenced to the statutory minimum of ten years and that his federal sentence would be ordered to run concurrently with

5

his state sentences.[1] (Doc. 400 at 4.) As an initial matter, however, these allegations are unworthy of credence. Murray previously testified under oath that he did not receive any promises in connection with his decision plead guilty, other than those promises enumerated in the plea agreement (Doc. 426 at 11:2–4), and it is well-established that a court need not accept as true or give further consideration to allegations that are contradicted by the record. *See United States v. McCoy*, 410 F.3d 124, 134 (3d Cir. 2005); *United States v. Schwartz*, 925 F. Supp. 2d 663, 691 (E.D. Pa. 2013).

Moreover, even if Murray could establish that his attorney provided erroneous advice in connection with the plea agreement, he cannot show that, but for the bad advice, "reject[ing] the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010); *see also Lee v. United States*, 137 S. Ct. 1958, 1964 (2017) (To show prejudicial advice in

---

[1] Murray's motion implicates two other challenges that do not merit review under § 2255. To the extent Murray challenges his attorney's failure to argue that the Bureau of Prisons should credit him with time served, a § 2255 motion is not an appropriate method to do so. *See Rios v. Wiley*, 201 F.3d 257, 270–71 (3d Cir. 2000) (identifying a § 2241 motion as the proper vehicle to challenge the execution of a sentence); *United States v. Grimes*, 641 F.2d 96, 99 (3d Cir. 1981) (noting that disputes over federal credit for time served under state sentence should be resolved under § 2241, not § 2255). When Murray previously moved for a concurrent sentence, the court explained that there was no basis to modify the sentence because Murray had not been subject to an undischarged state sentence at the time of his federal sentencing. (*See* Doc. 361 at 1.) Additionally, an alleged error in applying the career offender enhancement is not directly cognizable under § 2255 because such a misapplication is not a constitutional issue, nor does it implicate "an omission inconsistent with the rudimentary demands of fair procedure" or a "fundamental defect that inherently results in a complete miscarriage of justice." *United States v. Folk*, 954 F.3d 597, 602–04 (3d Cir.), *cert. denied*, 141 S. Ct. 837 (2020).

connection with the plea process, a petitioner must establish "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.") (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). By signing the plea agreement, Murray unconditionally affirmed that he understood that "the court is free to impose upon the defendant any sentence up to and including the maximum sentence of imprisonment for life" (Doc. 253 ¶¶ 1, 19), and he subsequently testified under oath that he understood that counsel's estimate of the applicable Guidelines was not binding on the court and that any prior convictions would affect his Guidelines calculation. (Doc. 426 at 14:1–18.) To the extent Murray received contrary advice from counsel, these sections of the plea agreement and the court's guilty plea colloquy cured the advice, and Murray's assent to them undermines any notion that he would not have otherwise pled guilty. *United States v. Shedrick*, 493 F.3d 292, 299 (3d Cir. 2007) ("[W]e have long held that an erroneous sentencing prediction by counsel is not ineffective assistance of counsel where, as here, an adequate plea hearing was conducted.").

The record is also clear that Murray received valuable consideration and meaningfully benefited from his decision to enter into the plea agreement. Murray, who was indicted on three felony drug charges and was later subject to a criminal information in which the government announced its intent to seek a mandatory term of life imprisonment, was facing an advisory Guidelines range of at least 262 to 327

7

months. (*See* Docs. 3, 45; Doc. 326 ¶ 66.) As consideration in the plea agreement, the government agreed to dismiss the criminal information and two of the felony charges against him, and Murry ultimately received a custodial sentence of 180 months. (Doc. 253 ¶¶ 1–2.) As is evident, the plea agreement was no one-sided transaction, and nothing in the record supports an inference that Murray, who was properly advised of the consequences of his plea several times, would have rejected the plea agreement but for counsel's supposedly erroneous advice. Murray's first claim for ineffective assistance of counsel will therefore be denied.

Murray's second claim, which contends that his attorney should have argued that a prior conspiracy conviction did not constitute a "controlled substance offense" for purposes of the career offender enhancement, fares no better. At the time of Murray's conviction and sentencing, it was settled law under *United States v. Hightower*, 25 F.3d 182, 187 (3d Cir. 1994) that conspiracy and other inchoate crimes fell within the enhancement's definition of a "controlled substance offense." While the Third Circuit went on to overrule *Hightower* in *United States v. Nasir*, 982 F.3d 144 (3d Cir. 2020) (en banc), its decision was handed down after Murray's conviction and sentencing, and it is well-established that, as a general matter, an attorney need not anticipate changes in the law or make arguments that are "doomed

to failure" under controlling case law.² *See Sistrunk v. Vaughn*, 96 F.3d 666, 672 (3d Cir. 1996) (holding that defense counsel's failure to predict a change of law did not constitute ineffective assistance); *Lewis v. Wheeler*, 609 F.3d 291, 310 (4th Cir. 2010) (finding that counsel was not ineffective for failing to make an argument that was not necessarily forecasted by a Supreme Court decision and would have requested an extension of that decision); *Snider v. United States*, 908 F.3d 183, 192 (6th Cir. 2018) ("We have repeatedly held that counsel is not ineffective for failing to predict developments in the law, unless they were clearly foreshadowed by existing decisions."). To the extent Murray argues that, at the time of sentencing, the pendency of *Nasir* foreshadowed a change in law and that a reasonable attorney would have objected to preserve the matter for appeal, the argument is without merit. Murray waived his direct appeal rights by signing the plea agreement, and appellate waivers are generally enforceable in the Third Circuit. *See United States v. Khattak*, 273 F.3d 557, 562 (3d Cir. 2001). A reasonable attorney in the shoes of Murray's counsel would therefore have little reason to believe that the court's application of

---

² The Third Circuit has recognized a claim for ineffective assistance where the petitioner alleged that his attorney failed to honor his request to make an objection for the purpose of preserving rights on a matter pending before the Supreme Court. *Gov't of Virgin Islands v. Forte*, 865 F.2d 59, 63 (3d Cir. 1989) ("It is the fact that she failed to honor Forte's quite reasonable request that she make an objection to preserve his rights under a case then pending in the Supreme Court that has led us to conclude that, assuming the allegations in his motion to be true, she was ineffective."). Murray, by contrast, does not allege that he made any request to his attorney regarding the career offender enhancement or matters pending before the Third Circuit in *Nasir*. (*See* Doc. 400 at 4, 5, 9.)

9

the career offender enhancement would be reviewable on appeal, even if he did object. And it is not the province of the court to look back further to examine defense counsel's ostensible recommendation that Murray sign the plea agreement in the first place; any such advice is governed firmly by the presumption of sound trial strategy, particularly given the aforementioned benefits Murray received from the agreement. Accordingly, Murray's second claim will be denied, and because Murray's motion and the record as a whole demonstrate conclusively that no relief is warranted, the motion will be dismissed without a hearing.

## IV. CONCLUSION

For the reasons explained above, Defendant Roman Murray's motion to vacate his sentence under 28 U.S.C. § 2255 will be denied. An appropriate order shall follow.

*s/ Sylvia H. Rambo*
SYLVIA H. RAMBO
United States District Judge

Dated: August 22, 2022